ALFONSO DI CARPIO et al., Plaintiffs, *v.* BABYLON MILK AND CREAM CO. INC. et al., Defendants.

Supreme Court, Special Term, Westchester County, May 20, 1955.

*Waxstein & Gelbman* for plaintiffs.

*Warren W. Wells* for defendants.

EAGER, J. This is an application by plaintiffs for a preference. A previous order granting a former application by them for a preference was reversed by the Appellate Division, and motion denied, but on a motion for reargument, such court expressly stated that its determination was without prejudice to the making, at Special Term, of a new motion for preference based on the showing of additional facts (285 App. Div. 1084, 1158).

The present application is granted, the court being of the opinion that on the present showing, a preference should be granted to the plaintiffs here in the interests of justice. True, a mere showing that a plaintiff is heavily indebted and presently lacks sufficient income to meet current living expenses will not justify the granting of preference. A plaintiff needing only temporary relief, generally has no standing to obtain a preference. But the complete factual detail now presented to the court, showing a condition of indigence brought about by reason of serious injuries sustained by the breadwinner of the family, discloses a situation bound to result in especial hardship.

It is true that the plaintiffs are not on the relief rolls. Under the circumstances, this is to their credit and particularly to the credit of the wife, who is sacrificing a home life with her children of tender age in order to earn what she can to help with the living expenses. Her earnings are far from sufficient to meet such expenses as is amply shown by the affidavits. The court has ascertained (and believes it would be entitled to take judicial notice of the fact) that this particular family would be entitled to public relief to the extent of approximately $197.30 a month in the event the family surrendered their meagre insurance protection and the wife gave up her employment; and it is noted that the wife's wages are considerably less than the amount that would be allotted by relief authorities of this county to this family to meet living expenses.

The defendant's argument that there has been no showing of additional facts to justify the renewal of the application is readily overruled. It is not believed necessary that the court make a detailed analysis of the papers now submitted as compared with those submitted on the earlier application. It is sufficient for the court to conclude that the detailed factual showing of the situation *at the time of this application* is such to move the court in its discretion to grant the same. We have now much detail not present in connection with the earlier

application, including a very complete medical affidavit, tending to show a condition of indigence and hardship which is real and permanent.

The case shall be preferred for the term beginning June 6, 1955, to follow any other cases preferred for the June Term, subject, however, to such direction as the Justice presiding may deem proper in the premises.